This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IN THE MATTER OF THE PROTEST OF SAIZ TRUCKING AND EARTHMOVING, TO ASSESSMENT ISSUED UNDER LETTER ID. NO. L0680042816**

**SAIZ TRUCKING AND EARTHMOVING,**

Protestant-Appellant/Cross-Appellee,

v.                                                                            **No. A-1-CA-35026**

**NEW MEXICO TAXATION AND REVENUE DEPARTMENT,**

Respondent-Appellee/Cross-Appellant.

**APPEAL FROM THE TAXATION & REVENUE DEPARTMENT**
**Dee Dee Hoxie, Hearing Officer**

Wayne G. Chew, P.C.
Wayne G. Chew
Albuquerque, NM

for Appellant/Cross-Appellee

Hector Balderas, Attorney General
Elena Morgan, Special Assistant Attorney General
New Mexico Taxation & Revenue Department
Santa Fe, NM

for Appellee/Cross-Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

**{1}** Saiz Trucking and Earthmoving (Taxpayer) appeals from the hearing officer's decision and order partially granting and partially denying his protest of the New Mexico Taxation and Revenue Department's (the Department) assessments for gross receipts taxes, penalty, and interest arising from its work for the City of Albuquerque (City) between 2004 and 2010. Taxpayer makes two arguments on appeal: (1) the evidence was insufficient to support the Department's assessments of gross receipts taxes, penalty, and interest against it; and (2) if this Court finds that Taxpayer is entitled to deduct the gross receipts, then there will not be a 25 percent understatement of its tax liability and therefore the Department will not have a right to three additional years of assessments pursuant to NMSA 1978, Section 7-1-18(A), (D) (1994, amended 2013). We affirm the hearing officer's decision and order. Because this is a memorandum opinion and the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits.

**BACKGROUND**

{2}     Taxpayer is a New Mexico corporation engaged primarily in the business of moving and hauling dirt, gravel, spoils, and performing grading at project sites. After an audit of Taxpayer's tax returns, on February 9, 2012, the Department assessed Taxpayer $606,943.41 in unpaid gross receipts taxes, a $121,388.71 penalty, and $175,418.66 in interest for the tax periods from January 31, 2004 through March 31, 2010. Taxpayer protested the Department's assessment, arguing that most of its gross receipts were deductible as constituting the sale and installation of landscape materials, and that part of the Department's assessments was barred by the statute of limitations. After a hearing on Taxpayer's protest of the Department's assessments and entry of findings of fact and conclusions of law, the hearing officer determined that Taxpayer was liable for the gross receipts taxes, penalty, and interest for the tax periods between December, 2005 and March, 2010; however, because the assessments from January, 2004 to November, 2005 did not occur until more than six years after the tax was due, those assessments were untimely, barred by the statute of limitations pursuant to NMSA 1978, Section 7-1-18(D), and therefore abated. Taxpayer appeals the hearing officer's decision and order to this Court pursuant to NMSA 1978, Section 7-1-25 (2015).

**DISCUSSION**

3

{3} Taxpayer argues that the Department failed to present substantial evidence to support the assessments. Without citation to the record in support of its contention, Taxpayer asserts that the hearing officer erred in upholding the Department's assessments because she "failed to recognize that . . . Taxpayer sold tangible items of property which were not part of a construction project to the City within the meaning of NMSA 1978, [Section] 7-9-54 [(2003, amended 2018)] and 3.2.212.14 NMAC, as supported by the substantial uncontradicted evidence." Taxpayer likewise fails to specifically challenge the hearing officer's findings of fact in accordance with our Rules of Appellate Procedure. We therefore deem the hearing officer's findings of fact conclusive. *See* Rule 12-318(A)(4) NMRA (stating that an appellant's arguments "shall set forth a specific attack on any finding, or the finding shall be deemed conclusive").

{4} "Any assessment of taxes by the Department is presumed to be correct and, in protesting the assessment of taxes, Taxpayer has the burden of proving the deductions were proper." *Arco Materials, Inc. v. N.M. Taxation & Revenue Dep't*, 1994-NMCA-062, ¶ 2, 118 N.M. 12, 878 P.2d 330, *rev'd on other grounds by Blaze Constr. Co. v. Taxation & Revenue Dep't of State of N.M.*, 118 N.M. 647, 884 P.2d 803. If a protestant of a tax assessment "is dissatisfied with the decision and order of the hearing officer, the party may appeal to the court of appeals for further relief, but only

4

to the same extent and upon the same theory as was asserted in the hearing before the hearing officer." Section 7-1-25(A). On appeal, this Court "shall set aside a decision and order of the hearing officer only if found to be: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." Section 7-1-25(C). "When reviewing for sufficiency of the evidence, we look to the whole record and review the evidence in the light most favorable to the agency's findings." *Arco Materials, Inc.*, 1994-NMCA-062, ¶ 2.

Section 7-9-54(A)(3) (2003) provides:

A. Receipts from selling tangible personal property to the United States or New Mexico or any governmental unit or subdivision, agency, department or instrumentality thereof may be deducted from gross receipts or from governmental gross receipts. Unless contrary to federal law, the deduction provided by this subsection does not apply to:

. . . .

(3) receipts from selling construction material[.]

The applicable regulation further provides that:

A. Except when the landscape items are part of a construction project, receipts from selling and installing landscape items such as plants, shrubs, sod, seed, trees, rocks and ornaments are receipts from the sale of tangible personal property. Therefore, the receipts from the sale and installation of these landscape items pursuant to a contract with a governmental agency may be deducted from gross receipts pursuant to Section 7-9-54. . . . Receipts from selling these landscape items as part

5

of a construction project may not be deducted pursuant to Section 7-9-54. 3.2.212.14(A) NMAC.

{5} The hearing officer found, in pertinent part, that Taxpayer's primary client during the assessment period was the City's Parks Department, which engages in the management, renovation, construction, and landscape of the City's parks. Taxpayer's work, the hearing officer found, consisted of the hauling and installation of dirt, gravel, and spoils, as well as performing grading at the City's park construction project sites, which included "parks, ballfields, and other similar facilities." These facts support the hearing officer's conclusion that Taxpayer was providing landscape items and services "to the City on various construction projects[.]" *See* NMSA 1978, § 7-9-3.4(A) (2003) (defining "construction" as: (1) the building, altering, repairing or demolishing in the ordinary course of business any: (a) road, highway, bridge, parking area or related project; (b) building, stadium or other structure; (c) airport, subway or similar facility; (d) park, trail, athletic field, golf course or similar facility; . . . and (2) the leveling . . . of land"). Accordingly, because Taxpayer sold and installed landscape items, e.g., dirt, gravel, and spoils, to and for the City as part of the City Parks Department's construction projects, as the hearing officer concluded, the gross receipts for these transactions were not deductible under Section 7-9-54. *See* 3.2.212.14(A) NMAC.

{6}    Because we conclude that Taxpayer was not entitled to deduct the gross receipts from its work for the City, we do not reach Taxpayer's second argument that the Department did not have the right to assess it for three additional years pursuant to Section 7-1-18(A), (D).

**CONCLUSION**

{7}    The decision and order of the hearing officer is affirmed.

{8}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**HENRY M. BOHNHOFF, Judge**